[Crim. No. 8951. Second Dist., Div. Four. Oct. 30, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LEE CARRIGAN, Defendant and Appellant.

Gooch & Barrett and Edward C. Terreri for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with possession for sale of a narcotic, heroin, in violation of section 11500.5 of the Health and Safety Code. Defendant entered a plea of not guilty. Trial was by the court, trial by jury having been duly waived by defendant and all counsel. Defendant's motion to strike all evidence on the ground that it was acquired as the result of an unlawful search and seizure was denied. Defendant was found guilty of possession of narcotics (in violation of the Health & Saf. Code, § 11500), a lesser and necessarily included offense. Defendant's motion for new trial was denied. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law. Defendant appeals from the judgment of conviction.

Officer Frank Miranda, assigned to the Narcotics Division of the Los Angeles Police Department, received certain information concerning defendant. What the information was or its source was not disclosed. After receiving this information, the officer ran a ''record check'' on defendant through the police files and discovered defendant had a long record of arrests, two or three for narcotics violations, and also a prior

conviction for sale of marijuana. Pursuant to this information and within two weeks prior to October 24, 1962, the officer and his partner "staked out" a house on San Juan Street in Venice, California, where defendant was known to be residing. On the occasions of these stake-outs the officers observed several persons go into the house, a small single family residence, remain a short time and then leave. They usually approached and left by way of an alley located behind the house.

On the evening of October 24, 1962, Officer Miranda saw a car enter the alley behind defendant's house. A man got out of the car and approached the back gate leading to the house. The officer recognized that he was Bill Heath, a known narcotic addict, and a man whom the officer had himself arrested approximately three months before for possession of heroin. As Heath opened the gate Officer Miranda called to him. Heath hesitated, looked in the direction of the officer, then "broke and ran quite fast" to his car. The officers chased him but he jumped in the car and drove off before they could reach him. The officers then approached the house and knocked on the door. A voice from within inquired "Who is it?" Officer Miranda's partner replied "Bill" (for Bill Heath). Defendant opened the door and both officers entered the house. Officer Miranda displayed his badge and said "I am a narcotics officer." The officers searched the house. In the kitchen Officer Miranda observed a plastic vial with multicolored balloons in it on the top of a stand-up refrigerator. Defendant was asked "how much do you get for these balloons," and he replied "$20, if I let them go." Later, when told he had quite a lot of "stuff" (meaning narcotics), defendant replied "Well, it's all for my own use."

It was stipulated at the trial by all counsel that Richard Bingle is a qualified forensic chemist; that he was deemed to have been called, sworn and testified that he examined the contents of the balloons taken from the house in which defendant was arrested, and found they contained heroin.

Defendant did not take the stand or offer any evidence in his own behalf. He contends that his arrest was without probable cause and therefore the evidence seized and later introduced was inadmissible.

Since the officers had no warrant authorizing the search, the burden was on the prosecution to show they had reasonable or probable cause. (*People* v. *Haven,* 59 Cal.2d 713, 717 [31 Cal.Rptr. 47, 381 P.2d 927].)

"Reasonable or probable cause for an arrest has been

the subject of much judicial scrutiny and decision. There is no exact formula for the determination of reasonableness. Each case must be decided on its own facts and circumstances [citations]—and on the total atmosphere of the case. [Citations.] ▆▆ Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. [Citations.] ▆▆ Probable cause has also been defined as having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt. [Citations.]'' (*People* v. *Ingle*, 53 Cal.2d 407, 412-413 [2 Cal.Rptr. 14, 348 P.2d 577].)

▆▆ In this case we conclude that there was probable cause for the arrest and the evidence was properly admitted. The record here reflects that, prior to the search, the officers knew that defendant had a long record of arrests, including two or three prior arrests for narcotic offenses; and that he had a prior conviction for the sale of narcotics. On prior "stake-outs" at defendant's residence, the officers had observed several persons, using an alley entrance, enter and leave the house, remaining only a brief time. On the date of the arrest, they observed Heath, a known narcotic addict whom one of the officers previously had arrested for possession of heroin, approach defendant's residence, also from the alley. Upon observing the officers, this addict "broke and ran." This confirmed the officers' suspicions, as experienced narcotic officers, that illicit trafficking in narcotics was taking place. The officers also realized that they must act promptly or not at all, for Heath could be expected to get word to the defendant of the presence of police and any narcotics in the house would promptly disappear. These facts amply meet the rule above stated and support the trial court's finding of probable cause.

▆▆ Defendant contends that entry into his residence was gained by subterfuge and that the effect was the same as if the officers had broken down the door. We do not hold that the entry here was by consent. The officers had reasonable cause for the arrest of defendant before the entry was made. Consequently, it does not matter how entry was achieved and we need not pass on the consent issue.

The judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 19, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 18, 1963. Peters, J., was of the opinion that the petition should be granted.