[Crim. No. 12073.  Second Dist., Div. Two.  June 22, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. MANUEL SALAZAR MURRIETTA, Defendant and Appellant.

Alan F. Charles, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward J. Horowitz, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Manuel Murrietta was convicted of possession of marijuana in violation of Health and Safety Code, section 11530, and committed to the Youth Authority. This appeal is from the judgment.

During daylight hours of May 2, 1965, California Highway Patrolman Norman White answered an accident call, and on his arrival at the scene he saw appellant alongside the driver's side of a car with a broken windshield. The pupils of appellant's eyes were dilated, his speech was slurred, and he was swaying unsteadily on his feet, unable to maintain his balance. His breath did not smell of alcohol. Appellant had sustained a cut above his right eye and a contusion on his forehead, and at the time of Officer White's arrival the blood on appellant's face was congealing. Appellant refused to accept aid or go to the hospital.

After sizing up Murrietta's condition, Officer White concluded that he was under the influence of alcohol or drugs and that because of this he was unable to care for himself. White testified he had investigated 1,000 to 2,000 traffic accidents in which there had been injuries, that 200 of these had involved head injuries, and that as a patrol officer he had observed 500 people who were drunk. Officer White arrested Murrietta for violation of Penal Code, section 647 subdivision (f), which makes it a misdemeanor to be "found in any public place under the influence of intoxicating liquor, or any drug . . . in such a condition that he is unable to exercise care for his own safety. . . ."Appellant was taken by ambulance to the jail section of Los Angeles County General Hospital to have his injuries checked, and at the hospital he was booked by Officer White and searched in the routine course of booking. The search uncovered a marijuana cigarette in the left breast pocket of his shirt.

Testifying on his own behalf Murrietta denied having the cigarette in his shirt pocket at the time of his arrest, and, alternatively, claimed that he did not know it was there. He obtained the shirt from a friend and had been wearing it for two days. He did not remember being with the officer at any time after the accident, or having been booked and searched at the hospital.

On appeal, Murrietta contends there was no reasonable cause to justify his arrest under section 647 subdivision (f), and, therefore, his arrest was unlawful. Since his arrest was unlawful, his search incident to that arrest was unlawful; since the search was unlawful, the product of that search, the

marijuana cigarette, should have been excluded from evidence, and without that evidence his conviction would fall for want of proof. (*People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513].)

Penal Code, section 836, subdivision 1, allows a peace officer to make an arrest without a warrant when he has reasonable cause to believe that a public offense has been committed in his presence. Being in a public place under the influence of liquor or drugs in such condition that one is unable to exercise care for one's own safety is a public offense, and the sole question before the court is whether the police officer had reasonable cause to take Murrietta into custody and transport him to the jail section of the hospital for booking.

The test of reasonable cause for an arrest is more evidence for than against, so that a man of ordinary care and prudence, knowing what the arresting officer knows, would be led to believe or conscientiously entertain a strong suspicion of the accused's guilt, although reserving some possibility for doubt. (*People* v. *Ingle,* 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Carrigan,* 221 Cal.App.2d 680 [34 Cal. Rptr. 574]; *People* v. *Steffano,* 177 Cal.App.2d 414 [2 Cal. Rptr. 176]; *People* v. *Herrera,* 221 Cal.App.2d 8 [34 Cal. Rptr. 305].) Reasonable cause is "such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) "The court looks only at the facts and circumstances presented to the officer at the time he was required to act." (*People* v. *Murphy,* 173 Cal.App.2d 367, 377 [343 P.2d 273]; *People* v. *Ambrose,* 199 Cal.App.2d 846, 849 [19 Cal.Rptr. 102].)

Prior to the arrest, Officer White observed that appellant's eyes were dilated, his speech slurred, his feet unsteady, his body swaying in circles and unable to maintain its balance. White saw that appellant had a cut over one eye and a contusion on his forehead, and noted appellant's refusal to go to the hospital. From these observations White concluded "that he [appellant] was under the influence of alcohol and-or drugs of some type," and unable to exercise care for his own safety. White's experience as a highway patrolman tended to strengthen his credibility as a witness on this subject. As a highway patrolman he had investigated 500 accidents involving people who were drunk and 200 accidents involving head injuries. On the basis of this experience White was high-

ly qualified to draw rational conclusions from his observations at the scene. We agree with the trial court that reasonable cause for the arrest existed, and that Officer White could have reasonably concluded from what he saw and heard that Murrietta was unable to care for himself because of alcohol or drugs and was therefore violating Penal Code, section 647 subdivision (f).

Here, we are dealing with probabilities and not with certainties. By this standard the arrest was authorized, the search was proper, the evidence was admissible, the conviction was supported, and the judgment is valid.

Judgment affirmed.

Roth, P. J., and Herndon, J., concurred.