[Crim. No. 18736. Second Dist., Div. Four. May 18, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
DELBERT GENE SMITH, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Evelle J. Younger and Joseph P. Busch, Jr., District Attorneys, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, David LaFaille and Arthur L. Ros Rolston, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—The People appeal, pursuant to subdivision (7) of section 1238 of the Penal Code, from an order dismissing a prosecution after an order, pursuant to section 1538.5 of that code, suppressing certain evidence.[1] We affirm the order.

---

[1]The notice of appeal states that the appeal is from both the order suppressing evidence and from the order of dismissal. The order of suppression is not appealable; had there been no dismissal, the People could have sought review of that order by ·writ; but, once the case is dismissed, appeal from the dismissal is the sole remedy.

Police officers, on routine patrol, in the early morning hours, observed defendant and a man named Brown engaged in a fight. They intervened and, concluding that defendant was intoxicated, they arrested him for a violation of subdivision (f) of section 647 of the Penal Code. He was handcuffed and placed in the patrol car. Allegedly because a person (thought to be defendant's father) told the officers that "there was a gun," a pat-down search was made. One officer felt, in defendant's pants pocket, what he thought was a clip of ammunition; it was removed and turned out to be marijuana. Defendant was then formally arrested for possession of marijuana, in violation of section 11530 of the Health and Safety Code. The present case grows out of his prosecution on that later charge.

■ In view of the holding we make in this case we need not discuss a large number of points briefed and argued before us. We assume, for the purpose of our decision: (1) that defendant was lawfully arrested for the misdemeanor violation of subdivision (f) of section 647; and (2) that the officer had reasonable grounds to believe that defendant might be armed. In addition, we have the trial court's statement that it believed "the testimony" of the police officer who testified before him.

However, there is nothing in the record to indicate that the trial court determined that the officer's admitted belief that he had felt a clip of ammunition was a reasonable belief, or that the trial court found, as a fact, that defendant would actually have been booked at a police station if the marijuana had not been found.

On the facts as known to the officers when defendant was first accosted by them, no right existed to arrest for any offense more serious than the section 647 misdemeanor; and no one claimed in the trial court or here that there was. Any right to conduct a pat-down search for the supposed weapon ended when the pat-down failed to disclose such a weapon. As we have pointed out above, the trial court was not required to find that the officer had a reasonable belief as to what he felt, nor was the trial court required to find that, as a matter of law, an ammunition clip is a weapon dangerous to the officer's safety. (*People* v. *Mosher* (1969) 1 Cal.3d 379, 394 [82 Cal.Rptr. 379, 461 P.2d 659].)

In the trial court, the People sought to sustain the search on the theory that it was nonprejudicial because defendant would have been searched at the time of booking in any event. They do not rely on that theory in this court, and for good reason. While the trial court did indicate a belief that defendant—handcuffed and in the police car—probably would have been transported to the police station, there is nothing to show that it found that defendant would have been formally booked and locked up at the

station. Unlike cases where the arrest is for an offense bailable only by special order of a magistrate, this was a misdemeanor, where bail is frequent and where simple detention until sobering-up has occurred is likewise a common practice. We cannot say, in this court, that the trial court erred as a matter of law in rejecting the prebooking theory.

In this court, the People rely on *Morel* v. *Superior Court* (1970) 10 Cal.App.3d 913 [89 Cal.Rptr. 297], and on *People* v. *Brown* (1971) 14 Cal.App.3d 507 [92 Cal.Rptr. 473] (decided by Division Five of this court on January 19, 1971). But those were cases where the trial court had denied the motions to suppress. They stand for no more than that an appellate court declined to review a trial court's findings, on the facts before it in those cases, that there was some special reason to protect the police car from contamination from contraband. They do not hold that, as a matter of law, every person who is to be transported in a police vehicle, for any reason, may be subjected to a search merely on the theory that some transportees may dispose of some unwanted objects in the car during transportation. Such a routine invasion of privacy, unsupported by some special necessity, is constitutionally unwarranted. We cannot say that the trial court erred in not discovering any such special need in the case at bench.

The attempted appeal from the order suppressing evidence is dismissed; the order dismissing the proceeding is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied June 3, 1971, and appellant's petition for a hearing by the Supreme Court was denied September 2, 1971.