[Crim. No. 39059. Second Dist., Div. One. Dec. 21, 1971.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JEROME DELANOR JOHNSON, Real Party in Interest.

228

COUNSEL

Joseph P. Busch, Jr., District Attorney, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Petitioner.

Richard S. Buckley, Public Defender, and James L. McCormick, Deputy Public Defender, for Real Party in Interest.

## OPINION

**LILLIE, J.**—An information charged defendant with unlawful possession of restricted dangerous drugs (§ 11910, Health & Saf. Code) and alleged a prior felony conviction (§ 11910, Health & Saf. Code). Defendant moved to suppress the evidence under section 1538.5, Penal Code; the matter was submitted on the transcript of the preliminary hearing and after further testimony of Officer First and defendant the motion was granted. Thereafter the People filed petition for writ of mandate (§ 1538.5, subd. (o), Pen. Code) and this court issued the alternative writ. After a full and fair consideration of the merits we grant the petition for writ of mandate and order issuance of the peremptory writ.

Around 11:25 p.m. on Sunday, May 8, 1971, Officer First was patrolling on Pacific Coast Highway when he observed defendant and a woman, both of whom were on the sidewalk in front of the "Little Dickens Bar." His attention was attracted to them because the woman appeared to be "very intoxicated" and was falling against a parked automobile. Officer First's partner arrested the woman for being intoxicated in a public place. Defendant, too, appeared to be intoxicated and when Officer First approached him, he observed that his speech was thick and slurred, his coordination was poor and he had difficulty standing up. The officer concluded defendant was intoxicated and asked him to submit to a field balance and coordination test; defendant was unable to complete any phase of the test without assistance. Officer First could detect no odor of alcohol on defendant although he appeared to be very intoxicated and unable to care for himself; he placed him under arrest for being intoxicated in a public place under section 647, subdivision (f), Penal Code,[1] and intended to book him therefor.[2] The officer then searched defendant's person and recovered from the pocket of his coat 57 capsules of seconal and 15 capsules of benzedrine. At the station a breathalyzer test was given to defendant, the results of which are not known.

Defendant testified he had consumed two or three beers during a 30-

---

[1] Section 647, subdivision (f), Penal Code, provides in pertinent part: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

". . . . . . . . . . . . . . . .

"(f) Who is found in any public place under the influence of intoxicating liquor, any drug, toluene, any substance defined as a poison . . . or any combination of any intoxicating liquor, drug, toluene, or any such poison, in such a condition that he is unable to exercise care for his own safety or the safety of others, . . ."

[2] The policy of the Long Beach Police Department relative to persons arrested for a violation of section 647, subdivision (f), is to book them; Officer First follows this policy; although a relevant bail schedule has been established, arrestees are booked and not permitted to obtain release on bail until they have remained in custody for a mandatory minimum of four hours designed to sober them up.

minute period within several hours prior to his arrest but nothing else of an intoxicating nature; he had taken no reds or whites that evening. He denied he was drunk.

In granting defendant's motion the trial judge made the following comment: "There isn't really very much of a conflict in this case. The testimony is about the same, except the opinion of the defendant that he wasn't intoxicated. That's the only conflict. . . . I find that the defendant was intoxicated and unable to care for himself"; he granted the motion "on the basis of law" citing *People* v. *Smith*, 17 Cal.App.3d 604 [95 Cal.Rptr. 229].

■ While defendant denied he was drunk when arrested, the evidence supports the trial judge's findings that he was intoxicated in a public place and unable to exercise care for his own safety. Thus here there is no question that defendant was lawfully arrested for a violation of section 647, subdivision (f), Penal Code.

On the issue of search, the circumstances point to the conclusion that defendant's intoxicated condition was caused by his ingestion of drugs, and the search was incident to a lawful arrest. Defendant claimed he had two or three beers during the evening, but Officer First testified he could detect no odor of alcohol on or about defendant. ■ "It is now settled that as an incident to a lawful arrest, a warrantless search limited both as to time [citation] and place (*Chimel* v. *California* (1969) 395 U.S. 752, 762-763 [23 L.Ed.2d 685, 693-694, 89 S.Ct. 2034]) may be made . . . for instrumentalities used to commit the crime . . . and other evidence thereof which will aid in the apprehension or conviction of the criminal. . . ." (*People* v. *Superior Court* [*Kiefer*] 3 Cal.3d 807, 812 [91 Cal.Rptr. 729, 478 P.2d 449].) Section 647, subdivision (f), Penal Code, makes it a misdemeanor for one to be found in a public place under the influence of intoxicating liquor or any drug in such a condition that he is unable to exercise care for his own safety or the safety of others. ■ When one is arrested on probable cause to believe he is in violation of section 647, subdivision (f), but at the time there is no evidence that he was under the influence of intoxicating liquor creating the strong suspicion that he was under the influence of a narcotic (*People* v. *Munsey*, 18 Cal.App.3d 440, 446 [95 Cal.Rptr. 811]), a search of his person for drugs is proper "for the purpose of discovering evidence of the crime." (*People* v. *Robinson*, 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834].) ■ Here Officer First determined defendant was intoxicated but did not detect an odor of alcohol about him, tentatively eliminating the probability that defendant's condition was produced by alcohol; thus, he was entitled to believe that defendant's intoxicated condition had been caused by such easily concealed substances as drugs. Paraphrasing the language found in *People* v. *Yniguez*, 15

Cal.App.3d 669, 672 [93 Cal.Rptr. 444], no constitutional inhibition compels an officer who has arrested one in a public place who obviously is under the influence, to ignore the always present possibility that the impairment may be due to the action of drugs. We conclude, therefore, that as a matter of law the search of defendant's person was legal as a search reasonable in scope and incident to a lawful arrest.

In light of our conclusion we deem a discussion of *People* v. *Smith*, 17 Cal.App.3d 604 [95 Cal.Rptr. 229], to be unnecessary.

The alternative writ of mandate is discharged; let a peremptory writ of mandate issue directing respondent superior court to annul, vacate and set aside its order of August 4, 1971.

Wood, P. J., and Thompson, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied February 16, 1972. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.