[Crim. No. 19442. Second Dist., Div. Two. Jan. 20, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
CLEOPHAS STEEPLES, Defendant and Appellant.

994

---

---

**COUNSEL**

Larry Rabineau, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Edward T. Fogel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, J.** — Defendant appeals from the judgment (order granting probation) entered following a nonjury trial that resulted in his conviction of possessing dangerous drugs in violation of Health and Safety Code section 11910.

He contends that: "(1) The court erred in finding probable cause to arrest appellant under section 647(f) of the Penal Code.[1] (2) The court erred in allowing admission of evidence of contraband obtained in violation of appellant's constitutional rights against unlawful search and seizure."

### *The Evidence Supports the Finding That Appellant Was Arrested with Probable Cause*

Officer Ronald L. Quagliana of the Los Angeles Police Department testified that at approximately 1 a.m. on December 3, 1969, he observed appellant walking with a "rather unstable" gait and leaning on adjoining buildings for support as he walked and during his frequent stops. Appellant proceeded only about 30 yards during the one or two minutes that he was under observation.

Upon approaching appellant and asking him for identification, the officer observed that his eyes were bloodshot and watery and that his speech was slurred. The officer also detected a strong odor of alcohol on appellant's breath. The officer testified that on the basis of his observations, he concluded that appellant was drunk in a public place and unable to care for himself or his property. He thereupon placed appellant under arrest for that crime.

The evidence unquestionably supports the trial court's determination that Officer Quagliana had probable cause to arrest appellant under the provisions of Penal Code section 647, subdivision (f). (*People v. Robinson,* 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]; *People v. Olson,* 18 Cal.App.3d 592, 596-597 [96 Cal.Rptr. 132]; *People v. Murrietta,* 251 Cal.App.2d 1002, 1003-1005 [60 Cal.Rptr. 56]; *People v. Belanger,* 243 Cal.App.2d 654, 656 [52 Cal.Rptr. 660].)

---

[1]Penal Code section 647, subdivision (f), provides in pertinent part:

"Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

". . . . . . . . . . . . . . .

"(f) Who is found in any public place under the influence of intoxicating liquor, any drug, toluene, any substance defined as a poison . . . or any combination of any intoxicating liquor, drug, toluene, or any such poison, in such a condition that he is unable to exercise care for his own safety or the safety of others, . . ."

■ After arresting appellant, the officer proceeded to search his person for weapons. As he was checking appellant's right leg near the ankle, appellant made a "kicking motion" with his left leg. When the officer then took hold of the left leg just above the ankle, he felt an object thereon and "heard a noise similar to that of cellophane." The officer immediately suspected that the object might contain contraband. In his experience as an officer he had made many arrests of suspects and had found narcotics in cellophane containers concealed in the same manner.

Upon lifting the trouser leg, the officer observed the cellophane object and saw that it contained capsules and tablets which he thought to be benzedrine and seconal. Testimony of a forensic chemist established that the capsules contained secobarbital and that the tablets were amphetamines.

### The Search Incident to the Arrest Was Lawful

■ When a person is found in a public place apparently under the influence of intoxicating liquor or a narcotic and is in such a condition that his arrest for violating Penal Code section 647, subdivision (f), is lawful, a search of such person by the arresting officer for the purpose of finding either weapons or evidence of the offense for which the arrest is made is reasonable and proper, and any contraband found in the course of such a search may be seized and received in evidence at the trial of the arrested person charged with its possession. (*People* v. *Robinson, supra,* 62 Cal.2d 889, 894; *People* v. *Superior Court* [*Johnson*], *ante,* p. 227 [99 Cal.Rptr. 338]; *People* v. *Olson, supra,* 18 Cal.App.3d 592, 596; *People* v. *Huguez,* 255 Cal.App.2d 225, 227-228 [62 Cal.Rptr. 922]; *People* v. *Pearsall,* 216 Cal.App.2d 196, 199-200 [30 Cal.Rptr. 777]; *People* v. *Evans,* 175 Cal.App.2d 274, 276-277 [345 P.2d 947]; *People* v. *Smith,* 153 Cal.App.2d 190, 192 [314 P.2d 31].)

It is a matter of common knowledge that the state of intoxication which follows the ingestion of a combination of alcohol and dangerous drugs is a condition which all too frequently constitutes a serious menace both to the public safety and to the life of the criminal consumer. (Cf. *In re Joseph G.,* 7 Cal.App.3d 695, 702 et seq. [87 Cal.Rptr. 25].)

■ Paraphrasing the language found in *People* v. *Yniguez,* 15 Cal. App.3d 669, 672 [93 Cal.Rptr. 444], no constitutional inhibition compels an officer who has arrested in a public place a person, obviously intoxicated to a seriously disabling degree, to ignore the ever-present possibility that his condition may be due, wholly or in part, to the ingestion of drugs.[2]

---

[2]This appellant owes a debt of gratitude to the arresting officer for taking him to the physician at the central jail where he received the medical attention of which he appeared to be in very serious need.

■ As recently stated in *People* v. *Superior Court* [*Kiefer*], 3 Cal.3d 807, 812 [91 Cal.Rptr. 729, 478 P.2d 449]: "It is now settled that as an incident to a lawful arrest, a warrantless search limited both as to time [citation] and place (*Chimel* v. *California* (1969) 395 U.S. 752, 762-763 [23 L.Ed.2d 685, 693-694, 89 S.Ct. 2034]) may be made . . . for instrumentalities used to commit the crime . . . and other evidence thereof which will aid in the apprehension or conviction of the criminal; . . ."

In the light of the controlling precedents as cited in support of our conclusions, we deem a discussion of the decisions in *People* v. *Millard,* 15 Cal.App.3d 759 [93 Cal.Rptr. 402], and *People* v. *Smith,* 17 Cal.App.3d 604 [95 Cal.Rptr. 229], to be unnecessary.

The judgment (order granting probation) is affirmed.

Roth, P. J., and Fleming, J., concurred.