[Civ. No. 31915. First Dist., Div. One. Dec. 14, 1972.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
CARMELO IVAN COLON, Real Party in Interest.

## Counsel

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Harkjoon Paik, Public Defender, and David A. Barish, Deputy Public Defender, for Real Party in Interest.

William R. Higham, Peter M. Brown and Rose Elizabeth Bird as Amici Curiae on behalf of Real Party in Interest.

## Opinion

**WEINBERGER, J.**\*—Petitioner seeks a writ of mandate from this court to compel respondent court to set aside its order granting the motion of real party in interest to suppress evidence.

Carmelo Colon, real party in interest, was arrested for violation of Penal Code section 647, subdivision (f), (being in a public place under the influence of intoxicating liquor).

At approximately 11 p.m. on May 23, 1972, two police officers were summoned to a bar in Salinas on a disturbance call. Arriving at the bar, the officers discovered the defendant and another man engaged in an argument with a barmaid. The defendant, Colon, appeared to be under the influence of an intoxicating beverage. After being asked to leave and refusing, the defendant was arrested and was transported to the police department where he was booked for violation of Penal Code section 647, subdivision (f). As a part of the booking process, defendant's property was removed from him, at which time the police discovered 35 small white pills later identified by a qualified expert as methamphetamine. Colon was subsequently charged with violation of Health and Safety Code section 11910 (unlawful possession of dangerous restricted drugs). At a preliminary hearing in the municipal court Colon was held to answer on the above charge and his motion to suppress was denied.

A renewal of the motion to suppress under Penal Code section 1538.5 was granted by the superior court, after which this court issued an alternative writ of mandate.

Colon's motion to suppress the evidence found during the booking search

---

\*Assigned by the Chairman of the Judicial Council.

was granted on the grounds that taking him to jail instead of taking him to a 72-hour detention facility pursuant to section 647, subdivision (ff) violated equal protection of the law. Under Penal Code section 647, subdivision (f), being drunk in a public place is a misdemeanor. Penal Code section 647, subdivision (ff), provides: "When a person has violated subdivision (f) of this section, a peace officer, if he is reasonably able to do so, shall place the person, or cause him to be placed, in civil protective custody. Such person shall be taken to a facility, designated pursuant to Section 5170 of the Welfare and Institutions Code, for the 72-hour treatment and evaluation of inebriates. A peace officer may place a person in civil protective custody with that kind and degree of force which would be lawful were he effecting an arrest for a misdemeanor without a warrant. No person who has been placed in civil protective custody shall thereafter be subject to any criminal prosecution or juvenile court proceeding based on the facts giving rise to such placement. . . ." Colon's argument was that he would be subject to criminal prosecution or treated as a sick person depending upon the county in which he committed the offense, because some counties have the detoxification facilities and others do not. The court found that this violated equal protection and the search was held to be invalid. The court did not spell out the rationale behind the suppression of the evidence but implicit in the ruling is a finding that the law under which Colon was arrested is unconstitutional and accordingly the arrest and booking based upon such law was unlawful. We do not agree.

The state, in enacting Penal Code section 647, subdivision (ff), is attempting to deal with the problem of inebriates by permitting any county which wishes to participate in the program an opportunity to deal with such people as "sick" rather than as criminals. The United States Supreme Court has upheld state's action whereby individuals are treated differently in different counties. (*Salsburg* v. *Maryland,* 346 U.S. 545 [98 L.Ed. 281, 74 S.Ct. 280]; *Missouri* v. *Lewis,* 101 U.S. 22, 31 [25 L.Ed. 989, 992].) In *Salsburg* the court speaking about legislation within a state dealing with gambling and noting the fact that each county was different said at page 553 [98 L.Ed. at page 289]: "Those locations suggest that, in matters related to concentrations of population, the state government might well find reason to prescribe, at least on an experimental basis, substantive restrictions and variations in procedure that would differ from those elsewhere in the State. Criminal law provides a long-established field for such legislative discretion." [Citing *Metropolitan Casualty Ins. Co.* v. *Brownell,* 294 U.S. 580, 584 (79 L.Ed. 1070, 58 S.Ct. 538).] The state is not bound " 'to strike at all evils at the same time or in the same way.' *Semler* v. *Oregon Dental Examiners,* 294 U.S. 608, 610." Consequently, the different

treatment in different counties does not necessarily constitute a violation of equal protection. A state must be allowed to experiment within its borders to determine what is the best way to deal with the problems of inebriates.

In *Serrano* v. *Priest*, 5 Cal.3d 584 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187], which Colon cites as authority for the proposition that facilities must be equal, the court emphasized the fact that it was dealing with a fundamental right, education, and would therefore require a compelling interest of the state to justify a law creating inequality. In the case at hand, we do not deem it to be a fundamental right of a person arrested for disorderly conduct for being in a public place under the influence of intoxicating liquor to be treated for his drinking problem in identically the same manner in each county. If there is no fundamental right involved, any rational basis will uphold the statute. The state interest in finding a more effective way to deal with inebriates qualifies as a rational basis for allowing counties the option of experimenting in their effort to develop a more enlightened and scientific approach to the problem of alcoholism. (See 3 Witkin, Summary of Cal. Law (7th ed. 1960) Constitutional Law, § 134, p. 1940.)

Colon also argues that section 647, subdivision (ff) dictates the way in which inebriates must be treated. He argues that when there is a general statute (§ 647, subd. (f)), and a more specific statute (§ 647, subd. (ff)), and the two statutes conflict, the more specific statute governs. This is only true, however, when the two statutes are conflicting. In the case of section 647, subdivision (ff) the statute specifically says "a peace officer, if he is reasonably able to do so, shall place the person, . . . in civil protective custody." If he is not able to do so, it must be assumed that he would proceed according to section 647, subdivision (f). Therefore, the statutes are not in conflict, rather, they offer alternatives. "A special statute does not supplant a general statute unless all the requirements of the general statute are covered in the special statute. (*People* v. *Phillips,* 64 Cal.2d 574, 581-582 [51 Cal.Rptr. 225, 414 P.2d 353].)" (*People* v. *Lustman* (1970) 13 Cal.App.3d 278, 286-287 [91 Cal.Rptr. 548] [cert. den. 405 U.S. 932 (30 L.Ed.2d 807, 92 S.Ct. 989)].)

Colon asserts that "the respondent Court granted the motion to suppress evidence on the basis that Penal Code Section 647 [subdivision] (ff) requires that the defendant be placed in some type of civil protective custody. The Court ruled that this requirement could not be controlled by the existence or non-existence of a local 72-hour facility because otherwise Penal Code Section 647 [subdivision] (ff) would violate the Equal Protection Clause

of the Fourteenth Amendment." If this contention were correct would it follow that Penal Code section 647 in its entirety, or particularly subdivision (f) thereof, is invalid? The constitutionality of Penal Code section 647, subdivision (f), was attacked on the ground that it violated the constitutional prohibition against cruel and inhuman punishment, but the court rejected the petitioner's argument in *In re Spinks*, 253 Cal.App.2d 748 [61 Cal.Rptr. 743]. (See also *People* v. *Medina*, 15 Cal.App.3d 845 [93 Cal.Rptr. 560].) Assuming, for the purpose of this discussion, that subdivision (ff) is unconstitutional, would that finding require the conclusion that section 647, subdivision (f) is invalid? We think not. Section 647, subdivision (ff) is clearly severable from and creates an exception to section 647, subdivision (f), and in such situation the tendency is to sustain the statute and invalidate only the exception. (*People* v. *McCaughan*, 49 Cal. 2d 409 [317 P.2d 974]; and see 3 Witkin, Summary of Cal. Law (7th ed. 1960) Constitutional Law, § 33, p. 1821, and cases cited.)

The parties have raised another issue which requires attention. If we were to decide that the police officer should have taken Colon to a 72-hour facility (or since there is none in Monterey County, to the general hospital, as Colon contends), would the search of Colon have been permissible notwithstanding the fact that he would have been only in civil protective custody?

Booking searches when a person is about to enter jail have been upheld on the basis of preventing the person from bringing weapons and contraband into the jail, and to remove his personal effects from him for safekeeping. (*People* v. *Rogers*, 241 Cal.App.2d 384, 389 [50 Cal.Rptr. 559].) The same rationale would permit and require a search of a person before placing him in a 72-hour facility. The custodians of the facility should want to make certain that the inebriate did not bring any alcohol or drugs into the facility and would want his personal effects removed for safekeeping until his release. ■ One who violates Penal Code section 647, subdivision (f), may be lawfully arrested and detained and, as an incident to his lawful arrest, he may be searched irrespective of the place of his confinement, whether in jail or a detoxification facility.

In *People* v. *Weitzer*, 269 Cal.App.2d 274 [75 Cal.Rptr. 318], this court decided that one charged with parking offenses and who failed after a second notice to post bail and was thereafter arrested on a warrant could lawfully be tried and convicted for possession of marijuana found on his person at the time of his arrest. Certain language in that opinion is appropriate here: "The concentration on the question of the legality of the defendant's arrest has diverted attention from the more fundamental issues.

Was the search and seizure reasonable? and, Should the evidence be excluded?" (P. 294.) "Evidence is suppressed and search for the truth is disregarded 'to compel respect for the constitutional guaranty . . . by removing the incentive to disregard it.' (*Mapp* v. *Ohio,* 367 U.S. 643, 656 . . . .) In finding that the search conducted following the arrest under color of [authority] was reasonable, this court is not participating in or condoning a lawless activity of law enforcement officers, or of the magistrate. . . . The reasons for the application of the exclusionary rule failing, it should not be applied . . . [here]." (P. 297.)

The petitioner's application for peremptory writ of mandate is granted and the respondent court is directed to set aside its order suppressing the evidence which we find to have been obtained in a lawful search incident to a lawful arrest.

Molinari, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied January 12, 1973, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 8, 1973.