[Crim. No. 21962. Second Dist., Div. Five. Mar. 19, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
JONATHAN WEST, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry Wood, Harry B. Sondheim and Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Lothair Schoenheit and Dennis A. Fischer, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**STEPHENS, J.**—By information, defendant was charged with possession of marijuana. (Health & Saf. Code, § 11530.) Defendant pleaded not guilty and moved to set aside the information (Pen. Code, § 995). The motion was granted, and the People appeal.

At defendant's preliminary hearing, Los Angeles City Police Officer Melvin Cunningham testified that on September 15, 1971, he and his partner drove to the vicinity of 147 East 56th Street, Los Angeles, in response to a "radio call that there was a 415 or a disturbance at that location due to a group fight." Upon their arrival, Cunningham did not observe any fighting, but did observe defendant in a vacant lot. Defendant appeared to be having difficulty standing and was "steadying" himself on another man. Defendant and the other man approached the police officers, and Cunningham saw that defendant's face was cut and bleeding. Defendant's brother, who was also present, told the policemen that he and defendant had been fighting. Defendant "acknowledged" having fought with his brother. Defendant had "a strong alcoholic odor, and when he walked, he walked very unsteady, his speech was very thick and heavy to the point of becoming incoherent. . . . His eyes were red and watery." Cunningham then placed defendant under arrest for being intoxicated in public. (Pen. Code, § 647, subd. (f).) Cunningham did not "believe that [defendant] had contraband on his person," but, nonetheless, immediately placed his hand into defendant's front pant's pocket and found "Zig-Zag papers." Cunningham said to his partner: "He's got Zig-Zag papers, he has probably got some grass." Defendant then said: "Yes, I do. It is in the pocket in the bag." Cunningham thereupon took a quantity of marijuana from defendant's pocket.

Cunningham testified that his purpose for the initial search was to "discover if he had any weapons, number one; and, number two, to prevent him from taking any contraband into the police car and subsequently into the station." Cunningham further testified that at the time of defendant's arrest, defendant "would [not] qualify for immediate bail" because the "department requires a four hour sobering up period before they release anyone on bail who has been arrested for intoxication."

At the hearing on defendant's Penal Code section 995 motion, the judge stated that "under the facts of . . . this case . . . the officer had the right to make a pat-down search, but he did not make the pat-down search. He went directly into the defendant's pocket. I think, under the circumstances of the defendant's arrest for being intoxicated, that he did not have

that right, at least at that stage of the proceedings. And, of couse, that led to the defendant's statement admitting that he had marijuana in his pocket. Under those circumstances, I don't think I have any choice but to find that it was an unlawful search. Motion will be granted."

■ The decision of the judge at the 995 hearing must be affirmed. The search could not have been upheld as a pat-down for weapons, for, assuming arguendo that such a pat-down would have been justified, the search was overbroad. (*Terry* v. *Ohio*, 392 U.S. 1, 30 [20 L.Ed.2d 889, 911, 88 S.Ct. 1868]; *Sibron* v. *New York*, 392 U.S. 40, 65 [20 L.Ed.2d 917, 936, 88 S.Ct. 1889]; *People* v. *Mosher*, 1 Cal.3d 379, 394 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Collins*, 1 Cal.3d 658, 663-664 [83 Cal.Rptr. 179, 463 P.2d 403]; *Cunha* v. *Superior Court*, 2 Cal.3d 332, 356 [85 Cal.Rptr. 160, 466 P.2d 704].) It could not have been upheld as a search for alcohol, or other drugs, that could have caused his intoxication, because Cunningham testified that prior to the search he did not "believe that [defendant] had contraband on his person." (*People* v. *Superior Court* [*Simon*], 7 Cal.3d 186, 198 [101 Cal.Rptr. 837, 496 P.2d 1205], see also *Mestas* v. *Superior Court*, 7 Cal.3d 537, 542 [102 Cal.Rptr. 729, 498 P.2d 977], *People* v. *Miller*, 7 Cal.3d 219, 227 [101 Cal.Rptr. 860, 496 P.2d 1228], *Agar* v. *Superior Court*, 21 Cal.App.3d 24 [98 Cal.Rptr. 148].) Likewise, defendant's search could not have been upheld as a search to prevent contraband from being introduced into the transport police vehicle. (*People* v. *Superior Court* [*Simon*], *supra*, at pp. 210-211, *People* v. *Smith*, 17 Cal.App.3d 604, 607 [95 Cal.Rptr. 229].)

Finally, the search could not have been upheld as a prelude to a jailhouse search because legally, there was no assurance that there would be a jailhouse search. After a suspect is arrested for public intoxication, but before he is incarcerated, it is possible for him to be released by the arresting officer (Pen. Code, § 849, subd. (b)(2)), or by the arresting officer's superior, by the booking officer, or by the booking officer's superior (Pen. Code, § 853.6). Although Cunningham's testimony is susceptible to the interpretation that he did not intend to release defendant prior to defendant's being incarcerated, it was certainly possible that Cunningham's superiors, or the booking officer, or the booking officer's superiors would have exercised their statutory right to release defendant prior to his being incarcerated. A jailhouse search is to protect "the jail from the introduction of weapons or other contraband" (*Carpio* v. *Superior Court*, 19 Cal.App.3d 790, 793 [97 Cal.Rptr. 186]) and therefore should not be conducted unless

the arrestee is in fact to be jailed. (*People* v. *Smith, supra,* at pp. 606-607, *People* v. *Millard,* 15 Cal.App.3d 759, 763 [93 Cal.Rptr. 402].)[1]

The judgment (order) is affirmed.

Kaus, P. J., and Cole, J.,* concurred.

A petition for a rehearing was denied April 5, 1973, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1973.

---

[1]We recognize that in *People* v. *Yniguez,* 15 Cal.App.3d 669, 673-674 [93 Cal. Rptr. 444], the court upheld an arrestee's search in the field on the ground that the search was necessary "to protect the detention facility from the introduction of contraband. (*Morel* v. *Superior Court, supra,* 10 Cal.App.3d 913, 917 [89 Cal.Rptr. 297].)" In *Morel,* however, the court had held that an arrestee could be searched for contraband whenever the arrestee was to be transported in a police vehicle, and in *People* v. *Superior Court* [*Simon*], *supra,* (at p. 211) our Supreme Court specifically "disapprov[ed] of *Morel* and its progeny."

*Assigned by the Chairman of the Judicial Council.