[Crim. No. 22938. Second Dist., Div. Four. Aug. 27, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
BARRY LEE MARKIN, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo and Martin Stein, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**FILES, P. J.**—Defendant was charged with possession of hashish in violation of Health and Safety Code section 11530 (now § 11357). The People appeal from an order setting aside the information under Penal Code section 995.

Defendant was picked up by police as he was in Manhattan Beach Boulevard attempting to hitchhike at about 2:20 a.m. on October 23, 1972. "He was stumbling, having great difficulty just maintaining his balance"; his speech was slurred; his eyes were red and watery; and he smelled of alcohol. His shoes had not been pulled all the way on. The arresting officer concluded that defendant was "under the influence of an intoxicant and

unable to care for his own safety or that of others," a violation of Penal Code section 647, subdivision (f).

The officer testified that he transported defendant to the police station where he carried out "a booking search on his person." Inside the wrapper of a cigaret package the officer found a plastic bag containing a brown substance. Upon testing, the material was found to be one and a half grams of hashish.

At the preliminary hearing, defense counsel objected to introduction of the cigaret package and the plastic bag with its contents, saying "they [the police] could have given him the opportunity to sober up, since he was simply under the influence." The municipal court overruled the objection and afterward denied a motion to dismiss made on the same ground.

The superior court, hearing defendant's motion to set aside the information, took judicial notice that there are several detoxification centers in Los Angeles County, where law enforcement agencies take people found under intoxication. The court stated "I think there is a duty of the police to take him to detoxification center. Now, whether they have power to search or deny taking him in or not is something I'm not acquainted with and don't know what the practice is."

The court then dismissed the information.

That ruling can only be interpreted as a holding that the search of defendant at the police station was unlawful, precluding the use of the hashish in evidence over objection at the preliminary examination. Defendant's attorneys seek to uphold that decision in this court upon the theory that subdivision (ff) of Penal Code section 647 required the arresting officer to deliver defendant to a treatment facility without searching his person.

Penal Code section 647, subdivision (f) provides that a person "[w]ho is found in any public place under the influence of intoxicating liquor . . . in such a condition that he is unable to exercise care for his own safety or the safety of others" is guilty of disorderly conduct, a misdemeanor.

Subdivision (ff) was added, effective March 4, 1972 (Stats. 1971, ch. 1581, § 1). It provides: "When a person has violated subdivision (f) of this section, a peace officer, if he is reasonably able to do so, shall place the person, or cause him to be placed, in civil protective custody. Such person shall be taken to a facility . . . for the 72-hour treatment and evaluation of inebriates. . . . No person who has been placed in civil protective custody shall therafter be subject to any criminal prosecution . . . based on the facts giving rise to such placement. . . ."

The subdivision also provides that it is inapplicable in certain circumstances not material here.

Defendant urges that the new subdivision is mandatory in that it provides that the officer "shall" place the individual in civil protective custody. He further urges that the 1971 amendment has the effect of removing simple alcoholic intoxication from the category of public offenses. We do not reach those issues to decide this case.

The arresting officer was not asked why he took respondent to the police station rather than to a detoxification center. As the issue is presented here, that is not a material matter.

██ It is necessary to point out first, that in passing upon the motion to dismiss under Penal Code section 995, "[e]very legitimate inference that may be drawn from the evidence must be drawn in favor of the information." (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal. Rptr. 581, 432 P.2d 197].) ██ The evidence showed that respondent was in such condition that the officer was entitled to take him into custody for one purpose or another. From the fact that the officer took respondent to the police station and conducted a booking search, the magistrate was entitled to infer the officer's purpose was to keep respondent in custody for the time being.[1] Had the officer transported respondent directly to the detoxification center, the same kind of search would have been required there for the same purpose.

Counsel for defendant have suggested that since a detoxification center is a place of treatment, there should be no need for the police to search the persons taken there. But counsel have overlooked the fact that the confinement in a facility for inebriates is involuntary, that the persons taken there are not necessarily models of responsible citizenship, and the need for keeping contraband drugs and weapons out of the facility is much the same as for keeping such articles out of any jail.

*People* v. *Superior Court (Colon)* (1972) 29 Cal.App.3d 397 [105 Cal. Rptr. 695], notes at page 402: "Booking searches when a person is about to enter jail have been upheld on the basis of preventing the person from bringing weapons and contraband into the jail, and to remove his personal effects from him for safekeeping. . . . The same rationale would permit and require a search of a person before placing him in a 72-hour facility.

---

[1]This distinguishes the case from *People* v. *Smith* (1971) 17 Cal.App.3d 604 [95 Cal.Rptr. 229], where the superior court judge, as the trier of the facts on a motion to suppress, drew the opposite inference concerning the search of an intoxicated man who had been placed in a police car.

The custodians of the facility should want to make certain that the inebriate did not bring any alcohol or drugs into the facility and would want his personal effects removed for safekeeping until his release. One who violates Penal Code section 647, subdivision (f), may be lawfully arrested and detained and, as an incident to his lawful arrest, he may be searched irrespective of the place of his confinement, whether in jail or a detoxification facility."

*People* v. *West* (1973) 31 Cal.App.3d 175 [107 Cal.Rptr. 127], relied upon by defendant, arose in 1971, prior to the effective date of subdivision (ff). In *West,* the Court of Appeal pointed out that the arresting officer had testified that he did not believe the defendant had contraband on his person, and the court also noted that a person arrested for public intoxication was subject to release without confinement in jail under Penal Code section 849, subdivision (b)(2), or section 853.6. Under these circumstances the Court of Appeal concluded that the People had not made a sufficient showing that a search was necessary to prevent the introduction of contraband into a jail under *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186 [101 Cal.Rptr. 837, 496 P.2d 1205].

The enactment of subdivision (ff) added a new factor. That section says that the arrested person "shall be taken to a facility" for treatment. This mandatory language creates a basis for a finding that the person arrested will be so confined, absent some reason for believing that the case will be handled in another way. In the case at bench, the officer's description of defendant's appearance and conduct supported the magistrate's inference that defendant was not about to be turned loose at the police station.

The order is reversed.

Jefferson, J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 24, 1973.