[Civ. No. 40650. First Dist., Div. Three. June 16, 1977.]

DAVID JOHNSON et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James C. Hooley, Public Defender, and Keith A. Kellum, Assistant Public Defender, for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General,

Thomas A. Brady, Gloria F. DeHart and John B. Moy, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**DRAPER, P. J.**—Being intoxicated in a public place is a misdemeanor (Pen. Code, § 647, subd. (f)). But when a county has a facility for the care and treatment of inebriacy and alcoholism (Welf. & Inst. Code, § 5170), violators of section 647, subdivision (f) have the benefit of a statutory requirement that the peace officer "if he is reasonably able to do so," shall place the violator in "civil protective custody" and take him to the detoxification facility (§ 647, subd. (ff)). No person who has been placed in such custody shall thereafter be subject to criminal prosecution under the same facts (*id.*). Alameda County has established such a facility at Highland Hospital, but it is of limited capacity, and not infrequently is unable to accommodate all inebriates referred to it. Of the four petitioners, one was taken into custody July 28, 1976, one August 7, one August 17, and one September 7. Each was taken to the police station, where an officer telephoned and was informed that there was no vacant bed in the facility. Each was then booked for violation of section 647, subdivision (f) and arraigned in the municipal court as a misdemeanant. Each filed a demurrer and motion to dismiss, and all were denied. They then petitioned the superior court for writ of prohibition/mandamus to bar further criminal prosecution and to compel dismissal of the complaints. The petition was denied, and petitioners sought like writ here. We issued alternative writ and heard argument.

The People, in their return to the writ, stipulate that none of the three exceptions of section 647, subdivision (ff) apply to any petitioner.

But the program of civil protective custody for inebriates is experimental (see *People v. Superior Court (Colon),* 29 Cal.App.3d 397, at pp. 400-401 [105 Cal.Rptr. 695]). Section 647, subdivision (ff) applies only to a facility "designated pursuant to Section 5170 of the Welfare and Institutions Code," and the article which contains section 5170 applies only to "those counties wherein the board of supervisors has adopted a resolution" establishing such facilities. (Welf. & Inst. Code, § 5176.) This limitation does not deny equal protection of the law to inebriates prosecuted under section 647, subdivision (f) in counties

which have not established such facilities. (*People* v. *McNaught*, 31 Cal.App.3d 599 [107 Cal.Rptr. 566] [hg. den.]; *People* v. *Superior Court (Colon) supra*, 29 Cal.App.3d 397 [hg. den.].) ▮ The question before us is whether equal protection is denied to those who, when apprehended, cannot be accommodated in the facility.

We find nothing to indicate a legislative intent that a county which establishes a section 5170 facility must make it large enough to accommodate all such violators. The statute (Welf. & Inst. Code, § 5176) provides that a county establishing such a facility shall include its designation of the facility within its Short-Doyle (state funding) plan, and "shall specify the maximum number of patients that can be served at any one time by each such facility." The facility designated by the county is operative only when approved by the State Department of Health (Welf. & Inst. Code, § 5170) and can be included in Short-Doyle financing only if so approved. (Welf. & Inst. Code, § 5174.) The statute requires statement only of a maximum, and not a minimum, number of patients to be served. It thus appears that the legislative intent was not to require, but to encourage, establishment of such facilities in the several counties, and to avoid the discouragement of county participation which would result from insistence upon a minimum capacity beyond the funding capability of the county or state. Alameda County has prescribed a facility with a maximum capacity of 22 beds and, presumably, has complied with the statute and secured approval of this limited capacity by the State Department of Health.[1]

Section 647, subdivision (ff) requires the arresting officer to place the section 647, subdivision (f) violator in protective civil custody and to take him to the detoxification facility only "if he is reasonably able to do so." It is somewhat difficult to conceive of circumstances other than lack of space which would affect the reasonable ability of the officer to place an inebriate in the facility. The provision for county fixing of a maximum capacity indicates that capacity is the major element affecting such ability.

Section 647, subdivision (ff) is an experiment in an effort to devise a method of dealing with the problem of alcoholism. Jailing of inebriates

[1] The original resolution of the Alameda board, passed before section 647, subdivision (ff) was adopted by the Legislature, stated no limitation on size of the facility. Following our unpublished opinion (*Crazyhawk* v. *Municipal Court*, 1 Civ. 33522) the Alameda board adopted resolutions denying intent to provide a facility large enough to accommodate all section 647, subdivision (f) violators, and fixing the capacity of the facility at 22 beds. Presumably, this amendment to the Short-Doyle plan has been approved.

has been recognized as a futile sort of "revolving door" solution. Doubts as to efficacy of the experimental alternative can be resolved only by trying it. We find no denial of equal protection in such an experiment. The state is not required "to strike at all evils at the same time" (*Semler* v. *Dental Examiners,* 294 U. S. 608, 610 [79 L.Ed. 1086, 1089, 55 S.Ct. 570]). A legislature may "take reform 'one step at a time' " (*McDonald* v. *Board of Election,* 394 U. S. 802, 809 [22 L.Ed.2d 739, 745, 89 S.Ct. 1404]). The equal protection guaranty is not violated "whenever officials 'prosecute one and not [another] for the same act' [citations] . . ." but "simply prohibits prosecuting officials from purposefully and intentionally singling out individuals for disparate treatment on an invidiously discriminatory basis." (*Murgia* v. *Municipal Court,* 15 Cal.3d 286, 297 [124 Cal.Rptr. 204, 540 P.2d 44].)

 Here, there is no singling out or discrimination. Each violator of section 647, subdivision (f) is sent to the civil facility if space for him is available. Only those whose offense occurs when no space is available are subject to court processing as misdemeanants. Petitioners in no way suggest the exercise of any choice by police or prosecutors as to the place of confinement. Whether the experiment succeeds, and warrants application in all counties or to all inebriates, is a matter for legislative judgment. We are disinclined to risk premature termination of the experiment by a judicial broadening of its scope at a cost we neither know nor are able to estimate.

Peremptory writ denied. Alternative writ discharged.

Scott, J., and Good, J.* concurred.

Petitioners' application for a hearing by the Supreme Court was denied August 11, 1977. Bird, C. J., was of the opinion that the application should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.