[Civ. No. 38366. Second Dist., Div. Four. Aug. 30, 1971.]

WINSTON DE LEON CARPIO, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Westwick, Collison & Talaga and Robert J. Graham, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Kenneth C. Young, Deputy Attorney General, David D. Minier, District Attorney, A. Barry Cappello, Assistant District Attorney, Zel Canter and Patrick J. McKinley, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—On January 5, 1971, a Highway Patrol officer observed petitioner driving south on Highway 101 at a speed of approximately 75 miles per hour. The officer gave chase. When petitioner was aware of the officer he pulled onto the shoulder and then, when the officer was pulling in behind him, petitioner drove back onto the highway, causing the officer to pursue him further. Eventually, petitioner stopped and the officer interrogated him. Petitioner possessed only an expired temporary driver's license. The officer wrote a citation for the traffic violation and, in the interim, radioed for a warrant check. Petitioner volunteered that he had an unpaid traffic ticket in Imperial County. After a 40-minute delay, the officer was advised that an Imperial County warrant was outstanding for petitioner's arrest. The officer took petitioner to the jail in Santa Barbara, where he was put through the routine booking process during which he was required to put his personal property on the desk. Included in the property was a closed cigarette package. The booking officer, without petitioner's consent, opened the package and found two marijuana cigarettes. Petitioner was then arrested for a violation of section 11530 of the Health and Safety Code. Petitioner's car was then searched, disclosing additional contraband.

Petitioner's motion to dismiss the information under section 995 of the Penal Code was denied and he has sought a writ of prohibition pursuant to section 999a of that Code. We conclude that the search of defendant's person at the police station was illegal and, therefore, that the contraband there found and thereafter found in his car was illegally seized. Since the present prosecution rests on that evidence, it follows that the 995 motion should have been granted.

I

██ On the record before us, we cannot say that the magistrate erred in regarding the 40-minute delay incident to the warrant check as not unrea-

sonable or illegal. Unlike *Willett* v. *Superior Court* (1969) 2 Cal.App.3d 555 [83 Cal.Rptr. 22], on which petitioner relies, the officer was faced with more than a minor traffic violation by a duly licensed driver. Here there had been not only excessive speed, and evasive action, but the driver had only a temporary permit which had expired. The officer testified that, in his experience, the failure of the Department of Motor Vehicles to issue a permanent license usually indicated that traffic tickets or warrants were outstanding. Under those circumstances, the warrant check was not mere curiosity, but a reasonable police effort. When petitioner volunteered the Imperial County violation, the further delay to check out that lead was entirely reasonable.

## II

However, both the speeding violation and the Imperial County warrant were matters entitling petitioner to release on bail, by the jailor, pursuant to a fixed bail schedule in one case and the terms of the warrant in the other. It is admitted that there was no reason to assume that petitioner would not have been able to post the required bail bond had he been given the opportunity to do so.[1] Under these circumstances, we regard our holding in *People* v. *Mercurio* (1970) 10 Cal.App.3d 426 [88 Cal.Rptr. 750], as controlling. It is true that *Mercurio* dealt with an arrest without a warrant; but we regard that difference as here immaterial. In both cases the arrestee was entitled to bail; in both cases he was subjected to a search of his person without being given the opportunity to post that bail. The rule that allows a skin search when an arrestee is to be placed in a jail pending further proceedings rests on the sound basis of protecting the jail from the introduction of weapons or other contraband. But the "booking" involved in merely making entries on the jail blotter, pending the arrival of a bail bondsman, does not involve that kind of necessity. Unless, and until, it was determined that petitioner was about to be placed in the jail, there was no necessity for the search which was made. The search was unlawful.[2]

## III

The search of the car cannot be justified as one incident to the arrest of defendant on the Imperial County warrant. The car was in a safe place, locked, and under control. The principles of *Mozzetti* v. *Superior*

---

[1]Petitioner had $50 in cash on his person. At oral argument counsel admitted that this was more than enough to cover any potential bond premium and that there was no reason to believe that bond could not, and would not, have been posted promptly on the traffic offenses. In fact, such was the advice given by the arresting officer when he took petitioner to the police station.

[2]In the case at bench we are not concerned with the right to make a cursory pat down for weapons.

*Court* (1971) 4 Cal.3d 699 [94 Cal.Rptr. 412, 484 P.2d 84], operate to invalidate any search on that ground or on the theory of "inventory."

The people contend that the search of the car was justified because the discovery of the marijuana cigarettes at "booking" created a reasonable belief that further contraband was in the car. Assuming the validity of that argument, it, in and of itself, admits that the search of the car was a "fruit" of the "booking" search. Since the "booking" search was unlawful, its fruits are equally unlawful.

The alternative writ of prohibition is discharged; let a peremptory writ of prohibition issue, restraining respondent court from taking any further action in its case No. 91394 except to vacate its order denying petitioner's motion under section 995 of the Penal Code and thereafter to grant such motion.

Files, P. J., and Jefferson, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 27, 1971.