[Crim. No. 11800. First Dist., Div. One. Nov. 19, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JEROME ALOYSIUS COLLIN, Defendant and Appellant.

---

## Counsel

Harold J. Truett, Public Defender, and Stephen K. Abbott for Defendant and Appellant.

Bruce B. Bales, District Attorney, and George R. Nock, Deputy District Attorney, for Plaintiff and Respondent.

---

## Opinion

**MOLINARI, P. J.**—This case was transferred to this court for hearing and decision upon certification from the Appellate Department of the Superior Court of Marin County (rules 62a and 63, Cal. Rules of Court), following an order of that court reversing the order of the municipal court denying defendant's motion to suppress evidence pursuant to Penal Code section 1538.5.

On April 27, 1972, at about 1 p.m., Officer Walter F. Fischer of the Larkspur Police Department, while driving in a police car, received a radio call from his station that a mail carrier had called in stating that there was a possible burglary in progress at 52 Millard Road in Larkspur. He was also advised over the radio that three males had been observed leaving the area in a light blue foreign convertible bearing California license CTC 210 and that the vehicle was then proceeding eastbound on Millard Road. Fischer intercepted this vehicle about a block and a half from 52 Millard Road and proceeded to follow it. As Fischer followed the vehicle he communicated over the police radio that he was placing a stop on the vehicle. He gave the location of the stop and the license number of the vehicle.

The vehicle was stopped three to four blocks from where Fischer had first observed it. He asked defendant, the driver of the car, for his driver's license and also asked the other two passengers for identification. A call then came over the police radio from the Marin County Communications Center that the vehicle was registered to defendant and that there were outstanding traffic warrants against him for parking violations and that the bail set for these warrants amounted to $45. Fischer then advised defendant why he had been stopped, advised him that there were three outstanding parking warrants for his arrest on which the bail was $45, and inquired if defendant or the other occupants of the car had that amount of money. Defendant stated he did not have that amount of money with him. Fischer then inquired if there was anyone who resided relatively close who could put up the bail, and, if there was, he would not have to place defendant under arrest on the warrants but would permit him to make a phone call at the station to that person. Defendant stated that he knew of no one in that area who would have that much money. Following this conversation another communication came over the police radio advising Fischer that there were additional warrants for defendant's arrest for parking violations on which the bail was $95. Defendant was then placed under arrest for the traffic warrants and taken to the county jail. The other occupants of defendant's car were released.

Captain Charles Mattos of the Larkspur Police Department testified that he transported defendant to the jail; that enroute he asked defendant if he would be able to post bail, and that defendant responded he had no money. He testified, further, that at no time prior to the search did defendant indicate to him or to anyone else that he desired to make a phone call for the purpose of arranging bail, and that his only request was to call his physician because he needed medicine. To this request Mattos responded that the county jail doctor would discuss the matter with him. Mattos at no time asked defendant if he wanted to make a phone call.

While defendant was being taken to the county jail by another officer, Fischer went to the premises at 52 Millard Road and ascertained that the call to the police of a possible burglary at these premises was unfounded since there was no visible evidence of forced entry into the premises.

Defendant testified that his sister, with whom he lived, had $50 which could have been used for bail and that when he got to the sheriff's station he asked to make a phone call but was denied permission to make the call.

During the booking procedure at the county jail defendant was searched.

The search revealed a small quantity of marijuana which is the basis of the instant charge of possession of marijuana (Health & Saf. Code, § 11530).

The issues presented to the appellate department were whether the initial detention of defendant's vehicle constituted a valid detention and whether the booking search was legal. The appellate department concluded that the detention was valid but that the booking search was illegal.

We advert to the detention. ■ A police officer may detain a person for investigation or questioning upon the basis of information received through "official channels." (*Restani* v. *Superior Court*, 13 Cal.App.3d 189, 195 [91 Cal.Rptr. 429]; *People* v. *Russell*, 259 Cal.App.2d 637, 642 [66 Cal.Rptr. 594]; *People* v. *Hunt*, 250 Cal.App.2d 311, 313-314 [58 Cal.Rptr. 385]; see *Remers* v. *Superior Court*, 2 Cal.3d 659, 666-667 [87 Cal.Rptr. 20, 470 P.2d 11]; *People* v. *Lara*, 67 Cal.2d 365, 374 [62 Cal.Rptr. 586, 432 P.2d 202]; and see *People* v. *Madden*, 2 Cal.3d 1017, 1021 [88 Cal.Rptr. 171, 471 P.2d 971].) "However, if the detaining officer himself does not have personal knowledge of facts justifying the detention, but acts solely on the basis of information or direction given him through police channels, the prosecution must establish in court, when challenged, evidence showing that the officer who originally furnished the information had probable cause to believe that the suspect had committed a felony, or, at the very least, that such officer was in possession of facts amounting to circumstances short of probable cause which would have justified him to personally make the detention." (*Restani* v. *Superior Court, supra,* at p. 196; *Remers* v. *Superior Court, supra; People* v. *Madden, supra; People* v. *Lara, supra; People* v. *Adkins*, 273 Cal.App.2d 196, 198-199 [78 Cal.Rptr. 397]; *People* v. *Escollias*, 264 Cal.App.2d 16, 18-19 [70 Cal. Rptr. 65]; *People.* v. *Wohlleben*, 261 Cal.App.2d 461, 465-467 [67 Cal. Rptr. 826]; *People* v. *Rice*, 253 Cal.App.2d 789, 792-793 [61 Cal.Rptr. 394]; *People* v. *Hunt, supra,* at p. 314; *People* v. *Pease*, 242 Cal.App.2d 442, 450 [51 Cal.Rptr. 448].)

■ In the instant case defendant did not, at the time of the hearing of the motion pursuant to Penal Code section 1538.5, specifically challenge the prosecution to present evidence that the officer who originally furnished the information transmitted over the police radio had probable cause to believe that defendant had committed a felony or that he was in possession of facts amounting to circumstances short of probable cause which would have justified him making the detention. The thrust of defendant's attack on the detention, as appears in his memorandum of points and authorities filed in the municipal court in support of his motion, was that the initial stop of defendant exceeded its lawful scope when the detention was pro-

longed past what was reasonable to the performance of the officer's official duties. Accordingly, the prosecution was not required to present as a witness the officer who initiated the original broadcast or the officer who had the conversation with the mail carrier. As applied to this case, it must be assumed that the officer who initiated the broadcast had adequate cause to detain defendant and that, accordingly, he could properly delegate the detention to Officer Fischer. We conclude, therefore, that Officer Fischer acted properly in detaining defendant for investigation in reliance on the radio broadcast.

We now turn to the validity of the booking search. The appellate department held that this search was illegal because the police department was required to give defendant an opportunity to make a telephone call, to inform him of this right, and to afford him a reasonable opportunity to post bail. This determination was based on *People* v. *Superior Court (Simon)* 7 Cal.3d 186 [101 Cal.Rptr. 837, 496 P.2d 1205], and *Carpio* v. *Superior Court,* 19 Cal.App.3d 790 [97 Cal.Rptr. 186].

*Simon* involved a warrantless arrest. The defendant was stopped by a police officer for driving after dark without headlights or taillights. He could not produce the registration for the car, a driver's license or other identification. He was placed under arrest and searched. The search disclosed a plastic bag of marijuana in his pants pocket. This search was held by the Supreme Court to be unlawful. The reviewing court held that a person arrested for traffic infractions who is required to be transported before a magistrate pursuant to Vehicle Code section 40302,[1] or who is brought before the magistrate for the offenses provided for in section 40303, in the exercise of the arresting officer's option, must be transported directly to the magistrate or other designated official and must be immediately released on bail or promise to appear pursuant to sections 40306 and 40307. (7 Cal.3d at pp. 208-209.) In view of these statutory provisions *Simon* holds that a person arrested for such traffic infractions may not be subjected to the routine booking process used in the case of a nontraffic misdemeanant nor can he be searched as an incident of that process, either in the field or at the police station. (7 Cal.3d at p. 209; to the same effect, see *People* v. *Mercurio,* 10 Cal.App.3d 426, 430-432 [88 Cal.Rptr. 750].)

In *Carpio* the defendant was arrested by a highway patrolman on a speeding charge and a radio check revealed an outstanding traffic warrant from another county. The defendant was taken to jail and put through the routine booking process. In the course of this process he was searched. The

---

[1]Unless otherwise indicated, all statutory references are to the Vehicle Code.

search disclosed two marijuana cigarettes. The reviewing court held that this search was illegal as was the subsequent search of the defendant's car as a "fruit" of the booking process. The impropriety of the booking process and the search incident thereto was predicated on the circumstance that the defendant was subjected to such process and search without being given the opportunity to post the bail pursuant to the fixed bail schedule for the speeding violation and, in the case of the arrest under the warrant, pursuant to its terms. (19 Cal.App.3d at p. 793.)

The instant case is distinguishable from *Simon*. The arrest in *Simon* was not pursuant to a warrant of arrest as is the case here, but constituted an arrest by an officer in whose presence the traffic offenses occurred. In such a case Vehicle Code sections 40302, 40303, 40306 and 40307 are applicable. (See *People* v. *Superior Court (Simon)*, *supra*, 7 Cal.3d 186, 199; *People* v. *Mercurio, supra*, 10 Cal.App.3d 426, 430-431; *People* v. *Wohlleben, supra*, 261 Cal.App.2d 461, 463-465.) However, when a person is arrested pursuant to a warrant of arrest the applicable statutes are to be found in the Penal Code.

A warrant of arrest predicated upon a complaint for the commission of a public offense triable in an inferior court is issued pursuant to the provisions of Penal Code section 1427 and must be in conformity with the provisions of the Penal Code regarding warrants of arrest. (See Pen. Code, §§ 1427, 815 and 816.) At the time of the issuing of a warrant of arrest the magistrate shall fix and endorse on the warrant the amount for which the defendant is to be admitted to bail. (Pen. Code, § 815a.) Upon the execution of the warrant the defendant must be taken before a magistrate "without unnecessary delay" (within two days after arrest—Pen. Code, § 825), and the magistrate shall accept the bail fixed on the warrant and if such bail is posted the defendant shall then be discharged from arrest. (Pen. Code, § 823.)

The instant case is distinguishable from both *Simon* and *Carpio* in that defendant was afforded the opportunity to post bail. The appellate department's determination that he was not given such opportunity intrudes upon the fact-finding process of the magistrate who was empowered to make factual findings on conflicting evidence and to draw proper inferences therefrom. Although defendant testified that he was not permitted to make a telephone call to his sister, other evidence adduced by the prosecution indicates that the arresting officers gave defendant ample opportunity to arrange for bail and to make telephone calls for that purpose. There is ample evidence that defendant made it clear that he could not post the total

bail of $140 and that he knew of no one who could post it for him. It is significant to note that if credence was given to defendant's testimony that he asked to telephone his sister who had $50, the production of that sum would not have sufficed to secure his release on bail.

The pertinent inquiry in the present case is whether a person who is arrested on a warrant for a parking or standing traffic offense is subject, upon his being taken into custody, to the immediate booking and jailing process applicable to the ordinary misdemeanant arrested on a warrant or whether he is entitled to a reasonable opportunity to post bail before being subjected to such process. In *Carpio* the warrant of arrest was for an "unpaid traffic ticket." As already pointed out, *Carpio* holds that where an arrest is for an outstanding traffic warrant the person arrested may not be booked and searched without first being given the opportunity to post the bail fixed on the warrant of arrest.

We are persuaded that the result reached in *Carpio* is correct upon the rationale utilized in *Simon* where it is observed that there is a "lesser degree of criminality attached to the act of transgressing against ordinary traffic rules and regulations." (7 Cal.3d 186, 199.) *Simon* observes, further, that the process of "booking" at a police station and the search incident thereto is ordinarily conducted for the purpose of preventing the introduction of weapons or contraband in the jail facility and that in cases of ordinary traffic offenders the probability that there will be an introduction of weapons or contraband in the jail facility is remote. (7 Cal.3d at pp. 201-209.) The Supreme Court laid great stress upon the language in sections 40302 and 40307 which, when read together, indicate that a traffic offender taken into custody must be transported *directly* to a magistrate or to one of the officials listed in section 40307 and must be immediately released on bail or written promise to appear. The term "without unnecessary delay" found in section 40302 is also to be found in Penal Code section 825 providing for the time within which a defendant must be taken before a magistrate when he is arrested on a warrant. Language similar to that found in sections 40306 and 40307 providing for admission to bail and release from custody is also to be found in Penal Code section 823 providing for the taking of bail where a defendant is arrested on a warrant.[2]

We conclude, therefore, that a defendant arrested on a warrant for a traffic offense may not be booked or searched until he has been given

---

[2]Penal Code section 823, in pertinent part, provides: "On taking the bail, the magistrate must certify that fact on the warrant, . . . The magistrate shall issue to defendant a receipt for the undertaking of bail. The officer must *then* discharge the defendant from arrest, . . ." (Italics added.)

an opportunity to post bail. We hold, however, that when he has been given that opportunity and it appears that he cannot post bail he then may be booked and searched since, in the absence of bail, he must be placed in the jail pursuant to the warrant. (See *Carpio* v. *Superior Court, supra,* 19 Cal.App.3d 790, 793.) We apprehend that if the police are justified in jailing a defendant they are entitled to "book" him and to conduct a search of his person for the purpose of preventing the introduction of weapons or contraband into the jail facility. (*People* v. *Superior Court (Simon), supra,* 7 Cal.3d 186, 208; *People* v. *Mercurio, supra,* 10 Cal. App.3d 426, 430; *People* v. *Wohlleben, supra,* 261 Cal.App.2d 461, 462; *People* v. *Rogers,* 241 Cal.App.2d 384, 388-390 [50 Cal.Rptr. 559]; *People* v. *Reed,* 202 Cal.App.2d 575, 579-580 [20 Cal.Rptr. 911]; see *People* v. *West,* 31 Cal.App.3d 175, 178-179 [107 Cal.Rptr. 127].)

In his concurring opinion in *Simon,* Chief Justice Wright asserts that where there is an extended detention awaiting posting of bail resulting from a delay in the posting of bail or where the traffic law violator cannot make bail, or where he is not released on a written promise to appear, a full search incident to extended detention is reasonable and constitutional. (7 Cal.3d at pp. 214-215.) The rationale for this conclusion is that where the detention is for an extended period, as opposed to one that is brief, the safety of police personnel and others and the integrity of detention facilities require that greater security measures be employed. (7 Cal.3d at pp. 214-215.)

We are persuaded by Chief Justice Wright's rationale and accordingly hold that, since the police were justified in taking defendant into custody and transporting him to the county jail in order to make bail, they were entitled to book him and search him in the process when he indicated that he could not make bail.

The applicability of section 40604[3] to the instant situation has been considered in connection with the assertion that this statute is ap-

---

[3]Section 40604 provides as follows: "No warrant shall issue upon a written notice of violation if the person does not appear and, any warrant issued on a verified complaint filed thereafter shall state on its face that *a notice to appear shall be issued in lieu of physical arrest. The peace officer shall, instead of taking the person before a magistrate, prepare a notice to appear and release the person on his promise to appear,* as prescribed by Sections 853.6 through 853.8 of the Penal Code. Issuance of a notice to appear and securing a promise to appear shall be deemed a compliance with the directions of the warrant, and the peace officer issuing such notice to appear and obtaining such promise to appear shall endorse on the warrant 'Section 40604, Vehicle Code, complied with' and return the warrant to the magistrate who issued it." (Italics added.)

plicable in cases involving warrants for parking as distinguished from moving violations. Section 40604 clearly applies only in cases involving *traffic accidents* where a police officer has reasonable cause to believe that a person involved in the accident has committed a violation of the Vehicle Code not declared to be a felony or a violation of a local ordinance adopted pursuant to the Vehicle Code. (§ 40600.) Section 40604 is a part of article 3 (§§ 40600 to 40604 incl.) which deals exclusively with cases involving traffic accidents notwithstanding it is entitled "Notice of Violation." All of the statutes embraced in article 3 were enacted at the same time and by the same legislation. (See Stats. 1969, ch. 1056, § 4, p. 2040.)

In cases involving parking or standing violations, where no promise to appear has been obtained, the applicable statutes are sections 41102, 41103, 40309.5 and 40513. (*People* v. *Weitzer*, 269 Cal.App.2d 274, 284-285 [75 Cal.Rptr. 318].) Under section 41102 a rebuttable presumption arises, upon proof that a vehicle was illegally parked and that the defendant named in the complaint[4] was at the time of the parking the registered owner of the vehicle, that the registered owner parked or placed the vehicle at the place and for the time during which the violation occurred. Notice of such violation is given by securely attaching to the vehicle a notice setting forth the violation and fixing a time and place for appearance by the registered owner in answer to said notice. (§ 41103, subd. (1).) This notice must state the bail due for the violation and the person to whom and the manner in which bail may be deposited. (§ 40309.5.) If the registered owner does not appear in response to said notice another notice must be sent to him by mail setting forth the information contained in the previous notice and informing him that if he does not appear in court within five days to answer the charge a warrant or citation to appear will be issued against him. (§ 41103, subd. (2).)

We observe that where no response is made to the second notice provided for in subdivision (2) of section 41103 the police authorities are given the option of issuing a citation to appear[5] or a warrant of arrest against the registered owner. (§ 41103, subd. (2).) When a warrant of

---

[4]The notice given pursuant to section 41102 constitutes a complaint to which the defendant may plead "guilty" or "nolo contendere," and if on a form approved by the Judicial Council the notice, when verified, constitutes a complaint to which the defendant may enter a plea. (See § 40513.)

[5]A "citation" is in the nature of a summons. (See *Bacigalupo* v. *Superior Court*, 108 Cal. 92, 94 [40 P. 1055]; and see Black's Law Dict.)

arrest is issued it is like any other warrant for the arrest of a misdemeanant and must be issued and executed as provided in the Penal Code.

The order of the municipal court denying defendant's motion to suppress evidence pursuant to Penal Code section 1538.5 is affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied December 19, 1973, and appellant's petition for a hearing by the Supreme Court was denied January 16, 1974.