[Crim. No. 26349. Second Dist., Div. Four. Mar. 12, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
IRA JOHN BELLO, Defendant and Appellant.

**COUNSEL**

Charles C. Guidry for Defendant and Appellant.

Burt Pines, City Attorney, and Ward G. McConnell, Deputy City Attorney, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged in the municipal court with a violation ·of section 12031, subdivision (a), of the Penal Code; *i.e.;* carrying a loaded firearm in a motor vehicle. He moved to suppress evidence against him. After a hearing, the motion was denied.

██ He appealed from that order to the Appellate Department of the Superior Court, Los Angeles County.[1] That court reversed the order of denial and certified the case to this court under rule 63, subdivisions (a) and (c) of the California Rules of Court. We ordered the case transferred and now enter our judgment, reversing the municipal court judgment.

██ At about 9:30 p.m., March 25, 1974, defendant and Officer Peterson were traveling southbound on what is referred to as a "collector" road adjacent to the Harbor Freeway in the City of Los Angeles. Both drivers desired to enter the freeway itself. This required each of them to be in the left hand lane of the collector road. Defendant was already in that lane, slightly behind the motorcycle on which Officer Peterson was riding in the right hand lane. After some jockeying, the officer finally slowed to a speed which forced defendant to pass him, on the officer's left. Both drivers then entered the freeway, with defendant a short distance ahead of the officer. They proceeded in that fashion until defendant turned off the freeway at the exit for Eighth and Ninth Streets. The officer followed him.

The officer thought that defendant was driving erratically and might be under the influence of liquor or drugs. Using his red lights, he directed defendant to stop. Defendant pulled to the curb and stopped immediately. He exited his vehicle and walked back to the officer. As the officer observed defendant he concluded that defendant was not under the influence of either drugs or alcohol. The officer asked defendant for his driver's license, which was produced and was in good order. The officer then asked for the vehicle registration certificate. The defendant agreed to produce it and went to the vehicle to secure it from the glove compartment. To do so, defendant opened the passenger door of the vehicle and reached into the vehicle to unlock the glove compartment. The officer had gone to the driver's side of the vehicle and shined his flashlight onto the floor of the driver's side. He saw the butt of the firearm herein involved partially wrapped in a blue nylon windbreaker,

---

[1]In a misdemeanor case, an order granting or denying a motion to suppress made under section 1538.5 of the Penal Code is directly appealable (Pen. Code, § 1538.5, subd. (j); *Adams* v. *Superior Court* (1970) 8 Cal.App.3d 569 [87 Cal.Rptr. 667].) The record before us shows that, after his 1538.5 motion was denied, defendant was allowed to plead nolo contendere, proceedings were suspended and he was granted probation for one year on certain stated conditions. At oral argument counsel for the People agreed this is a case wherein we should apply rule 31(b), California Rules of Court, and treat the notice of appeal as being from the ultimate judgment. We so treat it.

under the driver's seat. It was that discovery which led to the present prosecution. The officer testified that, prior to observing the butt of the firearm, he had not observed any traffic violation by defendant. The officer made no pat-down search of defendant. At no time did the officer testify that he was in fear of attack from defendant or that he thought defendant might use the unlocking of the glove compartment as a ruse to obtain a firearm or other weapon. The officer made no radio check on defendant. In short, once the officer had seen and talked to defendant he had no legitimate reason for detaining him further or for pursuing any further investigation of him.

The case is controlled by *People* v. *Grace* (1973) 32 Cal.App.3d 447 [108 Cal.Rptr. 66] and by *Willett* v. *Superior Court* (1969) 2 Cal.App.3d 555 [83 Cal.Rptr. 22].

The judgment is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.