*Supp. 12 Opinion
FOSTER, J.
The People appeal from an order granting defendant’s motion pursuant to section 1538.5 of the Penal Code to suppress evidence. We reverse.
It should be noted that defendant has not filed a respondent’s brief on appeal. In some cases, the failure to file a respondent’s brief has led the reviewing court, without reference to the record, to assume appellant’s points are well-taken and to reverse the judgment. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 439, p. 4403.) However, “. . . the better rule is to examine the record on the basis of appellant’s brief and to reverse only if prejudicial error is found.” (Walker v. Porter (1974) 44 Cal.App.3d 174, 177 [118 Cal.Rptr. 468].) We therefore consider the merits.
Defendant was charged with possession of amphetamines in violation of section 11377, subdivision (a), of the Health and Safety Code. On November 19, 1980, he filed a notice of motion for an order “suppressing as evidence all tangible and/or intangible things obtained as a result of a search and/or seizure in the within matter.” Although the notice was accompanied by a memorandum of points and authorities, neither document gives any indication of the nature of the evidence seized or the circumstances of its seizure.
At the hearing on the motion, it was stipulated that there was no arrest or search warrant. The People called Detective Jim Seles of the Los Angeles Police Department, who it was stipulated is a trained narcotics officer.
Seles testified that on August 29, 1980, about 2:15 p.m., he went to 7800 Woodman Avenue, apartment 129, in response to an anonymous tip that a man named Walter Mendoza lived in the apartment and was dealing in cocaine, pills, and quaaludes, and that a named young female, reported to be a runaway, lived there with him. He proceeded to apartment 129 and knocked on the door.
At this point in the proceedings, counsel for defendant objected that “hearsay upon hearsay is not admissible for probable cause and that some foundation ... must be laid for where he received this informa *Supp. 13 tion.” The trial judge sustained the objection and instructed the prosecutor to lay a further foundation.
Seles then testified that an anonymous tip had been received by Detective Sam Tomas of the Los Angeles Police Department. Defense counsel thereupon renewed his objection. Arguing in response, the prosecutor stated that he did not seek to use the information received by Seles “as probable cause for anything he did.” Nevertheless, the trial judge sustained the objection. He stated, “I don’t think just giving the name meets the Harvey, Madden objection .[1] ... I think under the facts where he gets information from someone, that person has to come in under those cases.”
After additional discussion, the trial judge continued the hearing to permit Officer Tomas to be brought in. At the continued hearing, however, it developed that Officer Tomas had been hospitalized because of injuries and was unable to appear to give testimony. The trial judge thereupon ruled that “[o]n that basis, the People are unable to proceed, the motion to suppress is granted.”
We believe he erred in this ruling.
Preliminarily, we call attention to an obvious insufficiency in defendant’s motion, and the court’s order granting it. “[A] motion under section 1538.5 is directed ... to the legality of specific items of evidence obtained by a search and seizure.” (People v. Gale (1973) 9 Cal.3d 788, 793 [108 Cal.Rptr. 852, 511 P.2d 1204].) Defendant’s motion to suppress was directed toward “all tangible and/or intangible things obtained as a result of a search and/or seizure in the within matter.” The court’s order was simply one granting the motion to suppress. Although it may be inferred that what defendant had in mind was in some way connected with Detective Seles’ visit to defendant’s apartment on August 29, 1980, we are at loss to determine the nature of the evidence or how the judge on the trial of the case would know what evidence to exclude.
*Supp. 14 In People v. Harvey (1958) 156 Cal.App.2d 516 [319 P.2d 689], defendant was arrested and was found to be carrying contraband. The People sought to justify the search as incident to a valid arrest, and that probable cause for the arrest was supplied by information received from a reliable informant. However, it was shown that the information from the informant had been received by the arresting officers’ superior and conveyed by the superior to them. In holding the arresting officers’ information insufficient to establish probable cause for an arrest, two of the justices in a concurring opinion stated: “It seems clear to us that if a superior police officer has reliable information which would justify him in making an arrest himself, he can delegate the making of the arrest to a subordinate, and justify the arrest by the subordinate by his (the superior’s) knowledge. To permit the subordinate to justify the arrest on the superior’s unsworn statement to the subordinate that the superior has obtained information from another justifying the arrest, however, would permit police officers to justify arrests by hearsay on hearsay, without requiring the sworn testimony of anybody that the information upon which the arrest was made was actually given to any police officer. To allow this would permit the manufacture of reasonable grounds for arrest within a police department by one officer transmitting information purportedly received by him from an informer to another officer who had not received such information from the informer, without establishing under oath that the information had in fact been given to any officer by the informer, or indeed that there was an informer at all.” (156 Cal.App.2d p. 523.)
Subsequently, in People v. Madden (1970) 2 Cal.3d 1017 [88 Cal.Rptr. 171, 471 P.2d 971], police acting upon information from a confidential reliable informant and the officers’ superior that defendant was selling narcotics from a particular location, went to the location and conducted a search which produced narcotics. The trial court, on a motion to suppress, denied the motion, finding that although defendant did not consent to the officers’ entry and search, they had had probable cause to believe a felony was being committed and the right to enter and search. On appeal, the Supreme Court reversed, holding that as a matter of law the informant’s information was not established as reliable, and that, “... although an officer may make an arrest based on information received through ‘official channels,’ the prosecution is required to show that the officer who originally furnished the information had probable cause to believe that the suspect committed a felony." (P. 1021.)
*Supp. 15 From these decisions has developed the so-called Harvey/Madden rule, that where a search is sought to be justified as incident to an arrest, although information received through official channels may furnish probable cause for the arrest, where timely objection is made by defendant (People v. Rogers (1978) 21 Cal.3d 542, 547-548 [146 Cal.Rptr. 732, 579 P.2d 1048]), the People must produce at the hearing the officer from whom the official information originated. The Harvey/Madden rule has since been extended to encompass evidence obtained as a result of a detention. (Restani v. Superior Court (1970) 13 Cal.App.3d 189, 196 [91 Cal.Rptr. 429]; People v. Collin (1973) 35 Cal.App.3d 416, 420 [110 Cal.Rptr. 869].)
In the case before us, the trial judge appears to have been of the view that once a Harvey/Madden objection is made, the People are precluded from presenting any evidence until the source of the official information is produced. We find no support in any of the appellate decisions for this view. To the contrary, it ignores the possibility that the search or seizure in question may be fully justified on some other basis. (Cf. People v. Orozco (1981) 114 Cal.App.3d 435, 444-445 [170 Cal. Rptr. 604] [failure to produce the official source but probable cause for detention established by evidence observed at the scene]; Restani v. Superior Court, supra, 13 Cal.App.3d at p. 197 [failure to call officer initiating broadcast of information harmless because no evidence seized as a product of exploitation of the illegal detention].)
In the present case, the trial judge sustained the defense objection to the People’s presenting additional evidence until Officer Tomas was called to verify the information conveyed to Detective Seles. However, the People disclaimed any intention to use official information as a basis for probable cause for Detective Seles’ actions but simply to explain why he had gone to defendant’s residence.
It is, of course, firmly established that “it is not unreasonable for officers to seek interviews with suspects or witnesses or to call upon them at their homes for such purposes.” (People v. Michael (1955) 45 Cal.2d 751, 754 [290 P.2d 852]; People v. Torres (1961) 56 Cal.2d 864, 867 [17 Cal.Rptr. 495, 366 P.2d 823]; People v. Lara (1974) 12 Cal.3d 903, 909 [117 Cal.Rptr. 549, 528 P.2d 365].) At the point where Detective Seles’ testimony was stopped, he had merely knocked at the door of defendant’s apartment, an act invading no constitutional *Supp. 16 ly protected right of defendant. To assume that thereafter he obtained evidence by unconstitutional conduct can be based only upon speculation.
The order is reversed with directions to rehear defendant’s motion.
Fainer, P. J., concurred.

People v. Harvey (1958) 156 Cal.App.2d 516 [319 P.2d 689]; People v. Madden (1970) 2 Cal.3d 1017 [88 Cal.Rptr. 171, 471 P.2d 971],