TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

<table>
<tr><td>OPINION</td><td>:</td><td rowspan="5">No. 93-610<br><br>December 8, 1993</td></tr>
<tr><td>of</td><td>:</td></tr>
<tr><td>DANIEL E. LUNGREN<br>Attorney General</td><td>:</td></tr>
<tr><td>CLAYTON P. ROCHE<br>Deputy Attorney General</td><td>:</td></tr>
<tr><td></td><td>:</td></tr>
</table>

THE HONORABLE LARRY DIXON, DISTRICT ATTORNEY, AMADOR COUNTY, has requested an opinion on the following question:

May a jail inmate's property be searched without a search warrant after completion of the booking process?

CONCLUSION

A jail inmate's property may be searched without a search warrant after completion of the booking process to accommodate legitimate institutional needs and objectives as well as when the inmate no longer has a reasonable expectation of privacy with respect to the property to be searched.

ANALYSIS

We are asked herein to determine whether a jail inmate's property may be searched without a search warrant after completion of the booking process.[1] This question would normally be addressed by a court either upon a motion to suppress evidence at a hearing prior to trial or an objection to the introduction of evidence at the time of trial.[2]

_____

[1]The "booking process" entails "the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." (Pen. Code, § 7, subd. 21; see *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186, 208; *Carpio* v. *Superior Court* (1971) 19 Cal.App.3d 790, 793.)

[2]We also note that a jailer has a statutory duty (Gov. Code, § 26640) to keep safe the property of all jail inmates, which might result in judicial proceedings (see *Minsky* v. *City of Los Angeles* (1976) 11 Cal.3d 113, 119-123). The lawfulness of the search of an inmate's property without a

In California, whether evidence may be introduced or excluded at a criminal trial is a matter of federal law due to the enactment of "Proposition 8" at the June 8, 1992 General Election. Proposition 8 added, among other provisions, subdivision (d) of section 28 of article I of the Constitution as follows: ". . . relevant evidence shall not be excluded in any criminal proceeding . . . ."  In *People* v. *Luttenberger* (1990) 50 Cal.3d 1, 9, the Supreme Court observed:

> "Section 28(d) limits the exclusion of relevant evidence in criminal proceedings. . . .  Its enactment abrogated our state's judicially created exclusionary rule and mandated the `admission of relevant evidence, even if unlawfully seized, to the extent admission of the evidence is permitted by the United States Constitution.' (*In re Lance W.* (1985) 37 Cal.3d 873, 887-888.)  Thus, California courts now must follow federal exclusionary principles in resolving motions to suppress evidence in criminal trials. . . ."

Accordingly, our task herein is to determine what the federal law is with respect to the propriety of searching a jail inmate's property without a search warrant after completion of the booking process.

The Fourth Amendment of the United States Constitution provides:

> "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Under the Fourth Amendment, "warrantless searches are per se unreasonable . . . with only a few carefully circumscribed exceptions . . . ."  (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 725; see *United States* v. *Edwards* (1974) 415 U.S. 800, 802.)

One exception allowing a search without a warrant is when the search is incident to an arrest for the purposes of removing weapons or preventing the destruction of evidence.  (*Chimel* v. *California* (1969) 395 U.S. 752, 763; *People* v. *Laiwa, supra,* 34 Cal.3d at 727.)  Another exception allowing a warrantless search is an "inventory" search conducted at the time of booking the person at the jail.  Such a "booking" search may be conducted to safeguard the person's property and for security purposes.  (*Illinois* v. *Lafayette* (1983) 462 U.S. 640, 643-647; *United States* v. *Khoury* (11th Cir. 1990) 901 F.2d 948, 957-959; *People* v. *Laiwa, supra*, 34 Cal.3d at 724-727; *People* v. *Superior Court (Gunn)* (1980) 103 Cal.App.3d 840, 843-845.)  Here, since the booking process has been completed, neither exception would be applicable in the circumstances presented.

It has been routinely held that prisoners have limited constitutional privacy interests, which must be weighed against the legitimate objectives of the institutional authorities.  (*Hudson* v. *Palmer* (1984) 468 U.S. 517, 523-528; *United States* v. *Edwards, supra,* 415 U.S. at 808-809; *United States* v. *Hinckley* (D.C. Cir. 1982) 672 F.2d 115, 129; see also Pen. Code, § 2600; *In re Head* (1986) 42 Cal.3d 223, 229-230; *Donaldson* v. *Superior Court* (1983) 35 Cal.3d 24, 35-36; *DeLancie* v. *Superior Court* (1982) 31 Cal.3d 865, 870-872.)  Warrantless searches may be made by jail and prison officials to accommodate legitimate "institutional needs and objectives," primarily internal security.  (*Hudson* v. *Palmer, supra,* 468 U.S. at 524.)  Other concerns that may be addressed by warrantless searches are (1) the introduction of drugs and other contraband into the

---

warrant would generally not be a consideration in such an action.

premises, (2) the detection of escape plots, and (3) the maintenance of sanitary conditions. (*Id*., at p. 527; see *United States* v. *Cohen* (2nd Cir. 1986) 796 F.2d 20, 22-23.)

We note that since the Fourth Amendment guaranty against unreasonable searches is based upon an individual's expectation of privacy (see *Hudson* v. *Palmer, supra,* 468 U.S. at 525; *Katz* v. *United States* (1967) 389 U.S. 347, 361 (Harlan, J., concurring; *Camara* v. *Municipal Court* (1967) 387 U.S. 523, 527; *United States* v. *Thompson* (5th Cir. 1988) 837 F.2d 673, 675; *United States* v. *Hinckley, supra,* 672 F.2d at 129), no warrant is necessary when the property has previously been viewed by officials during a valid search (see *United States* v. *Holzman* (9th Cir. 1989) 871 F.2d 1496, 1505; *United States* v. *Thompson, supra,* 837 F.2d at 675). For example, if an object has been examined as part of a valid custody search or inventory booking search, a warrant would not be necessary to examine it for a second time; the inmate would no longer have a reasonable expectation of privacy after the first viewing. Such "second" searches have often been upheld in the context of the "plain view" doctrine, allowing officials to examine without a warrant any object in their "plain view" where a reasonable expectation of privacy would be lacking. (*United States* v. *Holzman, supra,* 871 F.2d at 1504-1505; *United States* v. *Thompson, supra,* 837 F.2d at 675-676; *United States* v. *Hinckley, supra,* 672 F.2d at 129-131; *People* v. *Superior Court (Gunn), supra,* 112 Cal.App.3d at 977-978.)[3]

Under federal law, then, a warrantless search may be conducted of a jail inmate's property after completion of the booking process depending upon the purposes and scope of the search. Each situation must be considered in light of the relevant circumstances presented. A warrantless search may be conducted to accommodate legitimate institutional needs and objectives as well as when the inmate no longer has a reasonable expectation of privacy with respect to the property to be searched.

\* \* \* \* \*

---

[3]While certain dictum in *United States* v. *Edwards, supra,* 415 U.S. at 806-809, might suggest that an inmate would never have a reasonable expectation of privacy with respect to property in the custody of jail officials, a broad reading of *Edwards* has not been followed by the federal courts (see *Hudson* v. *Palmer, supra,* 468 U.S. at 527-528; *U.S.* v. *Holzman, supra,* 871 F.2d at 1505; *U.S.* v. *Thompson, supra,* 837 F.2d at 675-676; *United States* v. *Cohen, supra,* 796 F.2d at 22-23), and *Edwards* may properly be limited to its facts either as an inventory booking search or as a "plain view" search (see *People* v. *Smith, supra,* 103 Cal.App.3d at 843-844).